1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES MYERS, | Case No. 1:23-cv-00409-JLT-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS |
| v. | |
| BRYAN D. PHILLIPS, et al., | (ECF No. 13) |
| Respondents. | ORDER VACATING JULY 19, 2023 HEARING |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On August 16, 2018, Petitioner was found guilty by a jury in the Tulare County Superior Court of multiple sex crimes against three minor victims. (LD 1–2;[1] ECF No. 1 at 10–11.[2]) On October 12, 2018, Petitioner was sentenced to an imprisonment term of 225 years to life plus 13 years. (LD 1–2; ECF No. 1 at 11.) On December 21, 2021, the California Court of Appeal, Fifth Appellate District, stayed the sentence imposed on count 10 and affirmed the judgment in all other respects. (LD 2.) On March 16, 2022, the California Supreme Court denied Petitioner's

---

[1] "LD" refers to the documents lodged by Respondent on May 17, 2023. (ECF No. 14.)
[2] Page numbers refer to the ECF pagination stamped at the top of the page.

1   petition for review. (LD 3–4.) Petitioner did not file any state post-conviction collateral

2   challenges. (ECF No. 1 at 13.)

3       On March 19, 2023, Petitioner, through counsel, filed a federal petition for writ of habeas

4   corpus in this Court. (ECF No. 1.) The petition raises the following claims for relief: (1)

5   violation of Petitioner's right to confrontation; (2) violation of Petitioner's right to a fair trial;

6   and (3) cumulative error. (ECF No. 1.) On May 12, 2023, Respondent filed a motion to dismiss

7   the petition because the cumulative error claim is unexhausted. (ECF No. 13.) Petitioner filed an

8   opposition, and Respondent filed a reply. (ECF Nos. 15, 16.)

9   **II.**

10   **DISCUSSION**

11   **A.  Exhaustion**

12       A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

13   must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

14   on comity to the state court and gives the state court the initial opportunity to correct the state's

15   alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

16   Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

17   providing the highest state court with a full and fair opportunity to consider each claim before

18   presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

19   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

20       "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must

21   include reference to a specific federal  constitutional guarantee, as well as a statement of the facts

22   that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord

23   Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the

24   petitioner 'describe in the state proceedings both the operative facts and the federal legal theory

25   on which his claim is based so that the state courts have a "fair opportunity" to apply controlling

26   legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere

27   'general appeals to broad constitutional principles, such as due process, equal protection, and the

28   ///

1   right to a fair trial,' do not establish exhaustion." <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th

2   Cir. 2005) (quoting <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999)).

3          In the motion to dismiss, Respondent argues that Petitioner's cumulative error claim is

4   unexhausted because it was not fairly presented to the California Supreme Court in Petitioner's

5   petition for review. (ECF No. 13 at 2.) Petitioner contends that his cumulative error claim was

6   sufficiently related and intertwined with his exhausted confrontation and due process claims such

7   that it was fairly presented to the California Supreme Court. (ECF No. 15 at 7–9.)

8          Here, Petitioner's petition for review filed in the California Supreme Court set forth the

9   following as the "question presented":

> Does a trial court violate a defendant's Sixth Amendment right of Confrontation
> when it circumvents the individualized findings required by *Maryland v. Craig*
> (1990) 497 U.S. 836, 856 [110 S.Ct. 3157, 111 L.Ed.2d 666] (*Craig*) and
> statutory protocol pursuant to Penal Code 1347 by having a known recalcitrant
> child witness testify before a jury and then when the child melts down in front of
> a jury - only then authorizing an examination by close-circuit television?

14   (ECF No. 14-3 at 6 (footnote omitted).) The heading for the argument section reads: "**THIS**

15   **PETITION SHOULD BE GRANTED BECAUSE THE TRIAL COURT'S ORDER**

16   **PERMITTING CHILD WITNESS TESTIMONY OUTSIDE THE COURTROOM**

17   **BY MEANS OF TWO-WAY CLOSED-CIRCUIT TELEVISION WITHOUT**

18   **PARTICULARIZED FINDINGS DENIED MYERS HIS CONSTITUTIONAL**

19   **RIGHT TO CONFRONTATION, DUE PROCESS AND RIGHT TO A FAIR**

20   **TRIAL**." (<u>Id.</u> at 7 (capitalization and emphasis in original).)

21          The Court finds <u>Solis v. Garcia</u>, 219 F.3d 922 (9th Cir. 2000), and <u>Wooten v. Kirkland</u>,

22   540 F.3d 1019 (9th Cir. 2008), instructive. In <u>Solis</u>, the petitioner wrote in the penultimate

23   paragraph of his twenty-one-page brief in the California Supreme Court:

> If review is granted, appellant wishes to brief the issues raised below and asserted
> here, 1) that important admissible and trustworthy defense evidence was kept
> from the jury which evidence also showed that 2) a consciousness of guilt
> instruction based on hiding of the gun should never have been given; 3) A valid
> defense instruction pinpointing appellant's theory of the case was refused; 4) A
> defective reasonable doubt instruction, CALJIC 2.90, was used and that issue is
> presently before the Supreme Court of the United States in *Sandoval v.*
> *California,* (1993) 509 U.S. 954, [114 S.Ct. 40], 125 L.Ed.2d 788 [789]; 5)

1
2

> *Finally, the errors complained of above, individually and cumulatively denied appellant Due Process and a fair trial under federal and state constitutions.*

3
4
5
6

Solis, 219 F.3d at 930 (emphasis in original) (citation omitted). The Ninth Circuit found that the petitioner did not fairly present his cumulative error claim to the California Supreme Court, noting that "Solis' petition did not label his cumulative error claim as an 'issue' in the contents section of his brief, nor did he argue the claim or cite authority for it." Id.

7
8
9
10
11
12
13
14
15
16
17
18
19

     In Wooten, the petitioner "admit[ted] that his cumulative error claim was not set forth in his petition for review before the California Supreme Court" but argued that a claim not named in a petition is fairly presented if it is sufficiently related to or intertwined with an exhausted claim. 540 F.3d at 1025. The Ninth Circuit acknowledged "that a petitioner has 'fairly presented' a claim not named in a petition if it is 'sufficiently related' to an exhausted claim. Claims are 'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising one claim, the petition clearly implies another error." Id. (citing Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir. 2004)). However, the Ninth Circuit found that Wooten's cumulative error claim was not sufficiently intertwined with his exhausted claims because "[c]umulative error comes into play when no single trial error is, on its own, sufficiently prejudicial to warrant reversal" and "[b]riefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner." Wooten, 540 F.3d at 1025.

20
21
22
23
24
25
26
27
28

     Wooten also relied on Solis, which it described as "suggest[ing] that a cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted" because although "the petitioner in *Solis* explicitly mentioned his cumulative error claim in the conclusion of his brief to the California Supreme Court . . . the isolated reference to cumulative error was not sufficient to exhaust the claim." Wooten, 540 F.3d at 1026 (citing Solis, 219 F.3d at 930). Regarding the deficiencies of the petition set forth in Solis—"the cumulative error was not labeled as an issue in the brief's table of contents and the petitioner did not argue cumulative error or cite any authority on cumulative error"—the Ninth Circuit noted that "[t]he same can be said of Wooten's petition before the California Supreme Court." Wooten, 540 F.3d at 1026.

Similar to <u>Solis</u> and <u>Wooten</u>, Petitioner's petition for review in the California Supreme Court "did not label his cumulative error claim as an 'issue' in the contents section of his brief, nor did he argue the claim or cite authority for it." <u>Solis</u>, 219 F.3d at 930. Although Petitioner attempts to excuse the fact that a cumulative error claim was not explicitly raised in the petition for review by noting that "the Court of Appeal <u>found no error</u>, and therefore <u>prejudice was never addressed</u>," (ECF No. 15 at 5 (emphasis in original)), "[a]ll petitions must be read in context and understood *based on the particular words used*," and "for purposes of exhaustion, counseled petitions in state court may, and sometimes should, be read differently from pro se petitions," <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) (emphasis added). <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 487 (2000) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner."); <u>Sanders v. Ryder</u>, 342 F.3d 991, 999 (9th Cir. 2003) ("*Peterson* makes clear that, for the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions."). Although the Court recognizes that the issue of prejudice was never addressed by the California Court of Appeal and appellate counsel argued that if the California Supreme Court found error the matter should be remanded to allow the lower court to assess prejudice, (ECF No. 14-3 at 21), appellate counsel still could have explicitly raised the cumulative error claim for purposes of exhaustion. <u>See</u> <u>Wooten</u>, 540 F.3d at 1026 ("Wooten recited three out of the four alleged substantive errors in his brief to the California Supreme Court without developing any argument on those errors. Indeed, Wooten specified that he included those errors in order to exhaust them for the purpose of bringing a federal habeas petition.").

Like the petitioner in <u>Wooten</u>, Petitioner contends that his cumulative error claim is "intertwined" with his exhausted confrontation and due process claims such that his cumulative error claim is exhausted as well, citing to <u>Lounsbury</u>, 374 F.3d 785. (ECF No. 15 at 7.) <u>Lounsbury</u> recognized that "[c]ompetency disputes can give rise to two distinct claims—substantive and procedural—that trigger different analyses under the general heading of due process." 374 F.3d at 788. "[T]he question [wa]s whether Lounsbury's state court petition for review fairly presented his substantive claim that he was tried while mentally incompetent" when

1 "Lounsbury worded his petition for review as a procedural challenge." <u>Lounsbury</u>, 374 F.3d at

2 788. The Ninth Circuit found that "the *clear implication* of his claim was that by following a

3 constitutionally defective procedure, the state court erred in finding him competent," and thus

4 concluded that "[w]here the substantive and procedural claims are as intertwined as they are

5 here, we hold that Lounsbury made a fair presentation to the state courts of his claim that he was

6 not competent to stand trial." <u>Id.</u> (emphasis added).

7       Here, like in <u>Wooten</u>, the Court finds that Petitioner's cumulative error claim is not

8 sufficiently related to or intertwined with the confrontation and due process claims that were

9 presented to the California Supreme Court to be considered fairly presented for exhaustion

10 purposes. The federal petition sets forth the cumulative error claim as follows:

> **GROUND THREE: If this Court finds that the individual errors are not so prejudicial as to amount to a deprivation of due process when considered alone, Petitioner asks that this Court find that the errors complained of cumulatively produce a trial setting that is fundamentally unfair, resulting in violations of Petitioner's right to a fair trial under the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution. Alcala v. Woodford, *334 F.3d 862 (9th Cir. 2003).***
>
> Such errors include but are not limited to the trial court's failure to follow the procedures set forth in *Craig*, *supra*, and California Penal Code section 1347; denying Petitioner an opportunity to determine whether S.M. should testify at all at trial because she was an unavailable witness (Cal. Evid. Code § 240(a)(3), (6) and (c)), or not competent to testify (§ 701(a)(1), (2)), before ruling whether she should testify via CCTV; denying Petitioner's request for discovery of the identities and reports of the counselors or therapists treating S.M. to determine the availability and competency as a witness and to determine why S.M. could not testify in court; compelling S.M. to testify before the jury to determine her availability and whether she should testify via CCTV resulting in her emotional meltdowns before the jurors; and failing to declare a mistrial after S.M.'s two emotional outbursts in front of the jury.

22 (ECF No. 1 at 28.) Some of the errors encompassed in the cumulative error claim—denying an

23 opportunity to determine whether S.M. should testify because she was an unavailable witness or

24 not competent to testify pursuant to California Evidence Code sections 240 and 701 and denying

25 Petitioner's request for discovery of the identities and reports of the counselors or therapists

26 treating S.M.—were not mentioned at all in the petition for review filed in the California

27 Supreme Court. Therefore, the Court finds that the cumulative error claim is not sufficiently

28 related to or intertwined with the exhausted confrontation and due process claims, and, thus, is

unexhausted. <u>See</u> <u>Wooten</u>, 540 F.3d at 1025 ("Claims are 'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising one claim, the petition *clearly implies another error*." (emphasis added) (citing <u>Lounsbury</u>, 374 F.3d at 788)).

### B.  "Mixed" Petition

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." <u>Henderson v. Johnson</u>, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. <u>Lundy</u>, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. <u>See</u> <u>Anthony v. Cambra</u>, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005); <u>Kelly v. Small</u>, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

Here, Petitioner contends that "[t]o stay the petition and require the petitioner to go back and ask the state court to review for *cumulative error*, when they have already found no errors at all, is a waste of time and judicial resources and would place an unreasonable burden on the petitioner for no legitimate purpose." (ECF No. 15 at 10.) Accordingly, the Court will recommend that Petitioner be allowed to delete the unexhausted cumulative error claim and proceed with his exhausted claims.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED IN PART; and

2. Petitioner be allowed to delete the unexhausted cumulative error claim and proceed with his exhausted claims.

1    Further, the Court HEREBY ORDERS that the motion hearing scheduled for July 19,
2  2023, is VACATED.

3    This Findings and Recommendation is submitted to the United States District Court
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304
5  of the Local Rules of Practice for the United States District Court, Eastern District of California.
6  Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party
7  may file written objections with the Court and serve a copy on all parties. Such a document
8  should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies
9  to the objections shall be served and filed within fourteen (14) days after service of the
10 objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant
11 to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the
12 specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,
13 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

14

15 IT IS SO ORDERED.

16 Dated:   __July 12, 2023__
                                    _____
17                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

8