UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES MYERS,<br><br>    Petitioner,<br><br>    v.<br><br>BRYAN D. PHILLIPS,<br><br>    Respondent.[1] | No. 1:23-cv-00409-JLT-SAB (HC)<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO SUBSTITUTE WARDEN LUIS GARNICA AS RESPONDENT AND CLOSE CASE, DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 32, 34) |

    Anthony James Myers is a state prisoner proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    The magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. (Doc. 30; Doc. 32.) Petitioner filed timely objections and a motion for certificate of appealability. (Docs. 33, 34.)

    According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the

---

[1] A CDCR California Incarcerated Records and Information Search ("CIRIS") shows that petitioner is incarcerated at Mule Creek State Prison, in the care and custody of Acting Warden Luis Garnica. See Ciris.mt.cdcr.ca.gov (last visited September 29, 2025). Pursuant to Federal Rule of Civil Procedure 25(d), Warden Garnica is substituted as Respondent in place of his predecessor wardens.

case. Having carefully reviewed the entire file, including petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis.

Petitioner raises five objections to the amended findings and recommendations, none of which are a basis to find the magistrate judge erred.

First Objection - Petitioner asserts that the magistrate judge erred by finding the state appellate court fact-finding reasonable despite and because the magistrate judge did not mention or consider facts petitioner asserted on appeal. (Doc. 33 at 4-8.) Petitioner requests these facts be added to the amended findings and recommendations. (*Id*.) However, the magistrate judge did not err in his 28 U.S.C. § 2254(d)(2) analysis. Petitioner's proffered facts are in the record that was before the state appeal court. Even if ignored or overlooked in state court, petitioner has not demonstrated his proffered facts are highly probative and central to his claim so as to infect the fact-finding process. *See Hampton v. Shinn*, 143 F.4th 1047, 1087 (9th Cir. 2025); *see also id*. at 1086-87 ("[s]tate courts are not required to address every jot and tittle of proof suggested to them, nor need they make detailed findings addressing all the evidence before them."). Furthermore, the magistrate judge properly relied upon the summary of facts in the state appeal court opinion. (*See* Doc. 32 at 2 n.4 citing *Vasquez v. Kirkland*, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).)

Second and Third Objections - Petitioner objects that the magistrate judge erred by finding reasonable the state appellate court's denial of the Confrontation Clause claim. (Doc. 33 at 5-13.) However, the magistrate judge correctly found any state law error in S.M.'s testimonial proceeding did not contravene federal confrontation rights under *Maryland v. Craig*, 497 U.S. 836, 856 (1990), for the reasons stated by the magistrate judge.

Fourth Objection - Petitioner objects the magistrate judge erred by finding unexhausted his due process claim based on facts the trial court erred in failing to determine S.M.'s competency and availability and to allow related discovery. (Doc. 33 at 14.) However, the magistrate judge correctly found the claim unexhausted. The magistrate judge observed the Court previously found the claim was not fully exhausted. (*See* Doc. 32 at 26 citing Doc. 19 at 6.) To the extent petitioner argues he may pursue in this proceeding the unexhausted due process claim, he is wrong. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999*); Davis v. Silva*, 511 F.3d 1005,

1008-09 (9th Cir. 2008). To the extent petitioner argues state law error contravening *Craig*, he fails for the reasons stated by the magistrate judge.[2]

Fifth Objection - Petitioner objects the magistrate judge erred by finding the state court reasonably denied the exhausted aspects of his due process and fair trial claim. (Doc. 33 at 17.) However, the Court finds no error. Petitioner's re-argument of his First Objection is unavailing, for the reasons stated. The magistrate judge correctly found *Andrews v. White*, 2025 WL 247502 (U.S. Jan. 21, 2025) not to be a basis for relief. The magistrate judge provided a reasoned application of *Andrews* and *Payne v. Tennessee*, 501 U.S. 808 (1991) in finding the facts and circumstances in this case not to suggest "the jury drew impermissible conclusions from S.M.'s emotional testimony." (Doc. 32 at 30.)

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court denies Petitioner's motion and declines to issue a

---

[2] Petitioner's request to stay and amend the federal petition regarding the purported due process claim (*see* Doc. 33 at 15) is denied as beyond the scope of the amended findings and recommendations and for the reasons stated.

3

certificate of appealability. Accordingly, the Court **ORDERS**:

1. The amended findings and recommendations issued on February 10, 2025 (Doc. 32) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to **SUBSTITUTE** Warden Luis Garnica as Respondent and **CLOSE THE CASE**.
4. Petitioner's motion for certificate of appealability is **DENIED**, and the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES DISTRICT JUDGE

4